IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30191-DWD |
| ) | |
| DONALD JOSEPH FRIESE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On September 4, 2008, Defendant Donald Friese was sentenced to a 125-month term of imprisonment for conspiracy to possess in excess of five grams of cocaine base and possession of a firearm by a previously convicted felon. Upon release, Friese was ordered to serve a 3-year term of supervised release. Friese was released from federal custody on July 18, 2013, and was transferred to the custody of St. Clair County, Illinois authorities. In 2016, he was convicted of second-degree murder and possession of contraband in a penal institution. On July 28, 2016, Friese was sentenced to a 12-year term of imprisonment on the second-degree murder charge.

Friese was released from state custody and began serving his term of federal supervised release on November 24, 2020. On January 20, 2021, he was arrested for resisting arrest by fleeing and creating a substantial risk of serious injury or death, possession of a controlled substance, and violating a stop sign. On February 3, 2021, the conditions of Friese's supervised release were amended to add a 180-day term of home

confinement with location monitoring, but the term of home confinement never began. On February 12, 2021, Friese was charged with committing a battery, and the United States petitioned to revoke Friese's supervised release.

The revocation petition alleged that Friese committed the above-described offenses while on release. The petition further alleged that Friese possessed oxycodone and amphetamine on January 20, 2021, that he failed to follow the instructions of his probation officer, that he associated with a convicted felon without permission of his probation officer, and that he failed to notify his probation officer of his arrest by the St. Louis City Police Department on January 20, 2021.

The Court held a final hearing on the petition for revocation of supervised release on May 19, 2021. At the hearing, Friese admitted that the United States could prove that he committed the offense of battery by a preponderance of the evidence. He also was adjudicated guilty of violating a stop sign, failing to follow the instructions of his probation officer, and associating with a convicted felon without permission. The United States withdrew the violations related to resisting arrest and possession of a controlled substance. The parties jointly made a non-binding recommendation for a sentence of one year and one day. The Court adopted their recommendation and sentenced Friese to one year and one day in prison to be followed by 18 months of supervised release.

During the hearing, Friese indicated that he did not object to the conditions of supervised release and that he wished to waive formal reading of the conditions. As a result, the conditions were not read aloud. The United States also did not object to the proposed conditions. As a result, the conditions of Friese's supervised release remained

unchanged, and, when judgment was entered on May 19, 2021, the special condition that was modified to include the term of home detention was included as part of the judgment. By motion dated May 28, 2021, Friese, with the support of the Assistant U.S. Attorney, seeks to have the judgment corrected to remove the home detention condition. In addition, Friese filed a notice of appeal on June 2, 2021.

Friese seeks to correct his judgment pursuant to Federal Rule of Criminal Procedure 35(a). Although he has filed a notice of appeal, this Court retains jurisdiction over Friese's Rule 35(a) motion. *See* FED. R. APP. P. 4(b)(5). Rule 35(a) allows a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. While Defendant's motion makes clear that the parties did not expect the home detention to remain in place, that does not establish that the judgment contains the kind of clear error contemplated by Rule 35(a) such that the Court is able to amend the judgment as requested. While the parties' non-binding sentencing recommendation may have assumed that the condition would be removed, the removal of the condition was not raised during the hearing, nor was the condition removed from the supervised release terms prior to the imposition of sentence. While a misunderstanding may have led the parties to fail to request such a modification, that misunderstanding is not the type of correctable clerical error contemplated by Rule 35(a).

Further, even if the Court could amend the judgment, it would not be inclined to do so. Given Friese's criminal history, poor performance on supervised release, apparent risk to the community, and the nature of the allegations and admitted conduct in the revocation petition, the Court firmly believes that a term of home detention at the

beginning of Friese's term of supervised release is appropriate. Friese's history shows that he is a danger to the community and that he struggles to abide by conditions of release. More rigorous oversight at the beginning of his term of supervised release is justified and necessary.

While the parties' non-binding recommendation may have changed if they realized the term would be included in the judgment, the conditions were available to them before the hearing. Friese did not object, and the Court was not asked to remove the condition. A late objection due to a misunderstanding by counsel is not an error this Court can address through a Rule 35(a) motion. For all these reasons, Defendant's motion to amend or correct judgment is **DENIED**.

**SO ORDERED.**

Dated: June 3, 2021

_____
DAVID W. DUGAN
United States District Judge