IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CR-30191-DWD |
| ) | |
| DONALD JOSEPH FRIESE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 11, 2022, the undersigned granted the Government's Petition to Revoke Supervised Release and sentenced Defendant Donald Joseph Friese to 17 months of imprisonment (Doc. 194). By Motion dated July 25, 2022, Defendant challenges the calculation of the reminder of his sentence, arguing that the Bureau of Prisons miscalculated his time served by failing to credit him with 65-days he served for a prior supervised release violation (Doc. 210).

After a defendant has been sentenced, the district court lacks authority to modify the sentence except in very limited circumstances. *See* 18 U.S.C. § 3582(c). Instead, the Bureau of Prisons ("BOP") is responsible for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Moreover, it is well-settled that 18 U.S.C. § 3585(b) does not authorize a sentencing court to compute time credits due. *United States v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019) (citing *Wilson*, 503 U.S. at 334); *United States v. McGee*, 60 F.3d

1266, 1272 (7th Cir. 1995).  That authority is vested in the Attorney General, acting through the BOP.  *Id.*; *see also United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

Accordingly, Defendant's instant motion is not the proper mechanism for challenging the calculation of his sentencing credit; he must first seek relief through the BOP's administrative procedures.  *Walker*, 917 F.3d at 994 (citing *Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999); *McGee*, 60 F.3d at 1272.  "Once he has exhausted his administrative remedies, he then may challenge the BOP's determination by filing a petition under 28 U.S.C. § 2241 for habeas relief in the district where he is incarcerated."  *Id.* (citing *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992)).

For these reasons, Defendant's Motion *Nunc Pro Tunc* (Doc. 210) is **DENIED.**

**SO ORDERED.**

Dated:  August 3, 2022

_____
DAVID W. DUGAN
United States District Judge